# EXHIBIT 4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X
DAVIDSON & GRANNUM, LLP,

                              Plaintiff,

       -against-

BARBARA KAPLAN,

                              Defendant.
-----------------------------------------------------------------------X

Index No.: 601276/06

**AMENDED ANSWER**

      Defendant Barbara Kaplan ("defendant"), by her attorneys Kilhenny & Felix, as and for her amended answer to the amended complaint herein (the "Complaint") alleges as follows:

      1.     Denies each and every allegation asserted in paragraph "1" of the Complaint and respectfully leaves all questions of law to the Court.

      2.     Denies knowledge or information sufficient to form a belief as to truth of the allegations asserted in paragraph "2" of the Complaint.

      3.     Denies each and every allegation asserted in paragraph "3" of the Complaint, except admit that Barbara Kaplan was a defendant in the so-called Underlying Litigation, was at the offices once, gave testimony and respectfully leaves all questions of law to the Court.

      4.     Denies each and every allegation asserted in paragraph "4" of the Complaint, except admits that defendant signed an Engagement Letter and Retainer Agreement dated January 11, 2005 and respectfully refer the Court to said document referenced therein for the contents, terms and legal effect thereof.

      5.     Denies each and every allegation asserted in paragraph "5" of the Complaint, except admits that defendant was represented in other matters including a

**EXHIBIT 4**

-2-

matter before the National Association of Securities Dealers and United States District Court in Illinois and leaves all questions of law to the Court.

6. Denies each and every allegation asserted in paragraph "6" of the Complaint and respectfully refer the Court to said document referenced therein for the contents, terms and legal effect thereof.

7. Denies each and every allegation asserted in paragraph "7" of the Complaint, except admits that said document was included and respectfully refer the Court to said document referenced therein for the contents, terms and legal effect thereof.

8. Denies each and every allegation asserted in paragraph "8" of the Complaint and leaves all questions of law to the Court.

9. Denies knowledge or information sufficient to form a belief as to truth of the allegations asserted in paragraph "9" of the Complaint, except admits that certain documents were received, the exact nature is not presently known and leaves all questions of law to the Court.

10. Denies each and every allegation asserted in paragraph "10" of the Complaint and respectfully refer the Court to said letter referenced therein for the contents, terms and legal effect thereof.

11. Denies knowledge or information sufficient to form a belief as to truth of the allegations asserted in paragraph "11" of the Complaint, except admit that the check was stopped.

12. Denies each and every allegation asserted in paragraph "12" of the Complaint, except admit that the check was stopped and leaves all questions of law to the Court.

13. Denies each and every allegation asserted in paragraph "13" of the Complaint.

14. Denies each and every allegation asserted in paragraph "14" of the Complaint, except admits that the Firm appeared as counsel for defendant in the NASD arbitration and denies knowledge or information sufficient to form a belief as to whether the Grimes arbitration was dismissed with prejudice after a full arbitration on the merits.

15. Denies each and every allegation asserted in paragraph "15" of the Complaint.

16. Denies each and every allegation asserted in paragraph "16" of the Complaint, except admits that a payment of $10,000.00 was made in or around January, 2005.

17. In response to each and every allegation asserted in paragraph "17" of the Complaint, defendant repeats and realleges each and every denial heretofore set forth in response to each and every allegation contained therein as if the same were herein set forth at length.

18. Denies each and every allegation asserted in paragraph "18" of the Complaint.

19. Denies each and every allegation asserted in paragraph "19" of the Complaint.

20. In response to each and every allegation asserted in paragraph "20" of the Complaint, defendant repeats and realleges each and every denial heretofore set forth in response to each and every allegation contained therein as if the same were herein set forth at length.

21. Denies each and every allegation asserted in paragraph "21" of the Complaint.

22. Denies each and every allegation asserted in paragraph "22" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

23. The complaint and each cause of action asserted by plaintiff therein fails to state a cause of action upon which relief can be granted as against defendant.

### SECOND AFFIRMATIVE DEFENSE

24. Plaintiff's claims are barred based upon plaintiff's failure to abide by the rules and procedures governing the conduct of attorneys, including but not limited to 22 NYCRR § 1200.11 (A) – (E) (Fee for Legal Services), § 1210.1 (Statement of Client's Rights) and § 1215 (Written Letter of Engagement).

### THIRD AFFIRMATIVE DEFENSE

25. The Court lacks subject matter jurisdiction based upon plaintiff's failure to abide by the rules and procedures governing the conduct of attorneys, including but not limited to plaintiff's failure to seek to resolve a fee dispute by arbitration at the election of defendant pursuant to a fee arbitration program established by the Chief Administrator of the Courts and approved by the justices of the Appellate Division as mandated by 22 NYCRR § 1200.11 (E).

### FOURTH AFFIRMATIVE DEFENSE

26. Plaintiff's claims are barred by the statute of frauds.

## **FIFTH AFFIRMATIVE DEFENSE**

27. Plaintiff employed an attorney by the name of David Becker at the time defendant contacted plaintiff. In fact, David Becker was the attorney to whom plaintiff had sought the name of counsel who could assist her in providing legal services in connection with the matter involving 212 Investments Corp. (the "212 Matter").

28. Instead of recommending other counsel, Becker recommended that defendant engage Becker and his then firm, plaintiff Davidson & Grannum, LLP.

29. What Becker failed to disclose to defendant Kaplan was that Becker, while employed at CIBC Oppenheimer ("CIBC") as a compliance officer, was involved, from the regulatory side of CIBC, in an investigation and complaint against defendant relating to the very claims made against defendant in the 212 Matter, that was ultimately filed by CIBC with the New York Stock Exchange.

30. In fact, Becker executed, on behalf of CIBC, and caused to be filed with the New York Stock Exchange, an RE-3 form accusing defendant of securities violations relating to the very same issues which Becker later recommended himself and his then firm, plaintiff Davidson & Grannum, LLP as counsel to represent defendant in the 212 Matter.

31. Neither Becker nor anyone at plaintiff Davidson & Grannum, LLP disclosed to defendant that Becker himself had signed the RE-3 or been involved in the investigation and complaint against defendant relating to the very claims made against defendant in the 212 Matter, that was ultimately filed by CIBC with the New York Stock Exchange.

32. Plaintiff's failure to disclose the conflict violates the rules governing the practice of law in the state of New York and the Canons of Ethics and precludes plaintiff from seeking any recovery for legal fees or any other damages as against defendant.

### SIXTH AFFIRMATIVE DEFENSE

33. Plaintiff's claims are barred by estoppel, unclean hands and laches.

**WHEREFORE** defendant requests that this Court enter a judgment against plaintiff, as follows:

1. Dismissing the complaint,

2. Awarding defendant the costs, attorneys' fees and disbursements of this action and such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         October 15, 2007

Yours, etc.

**KILHENNY & FELIX**

By: *James M. Felix*
James M. Felix, Esq.
Attorneys for Defendant Barbara Kaplan
275 Seventh Avenue, Suite 2300
New York, NY 10001
(212) 419-1492

TO:   **DAVIDSON & GRANNUM, LLP**
      Attorneys for Plaintiff
      30 Ramland Road, Suite 210
      Orangeburg, NY 10962
      (845) 365-9100

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X

DAVIDSON & GRANNUM, LLP,                    Index No.: 601276/06

                Plaintiff,

        -against-

BARBARA KAPLAN,

                Defendant.
------------------------------------------------------------------X

### AMENDED ANSWER

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and reasonable inquiry, the contentions contained in the annexed document(s) are not frivolous.

_____
James M. Felix, Esq.    date
Kilhenny & Felix

**KILHENNY & FELIX**
ATTORNEYS FOR DEFENDANT
BARBARA KAPLAN
275 Seventh Avenue, Suite 2300
New York, NY 10001
(212) 419-1492