# EXHIBIT 8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
DAVIDSON & GRANNUM, LLP,

                     Plaintiff,

    -against-

BARBARA KAPLAN,

                     Defendant.
-------------------------------------------------------------------X

Index No.: 601276/06

**NOTICE OF MOTION TO DISMISS**

**PLEASE TAKE NOTICE**, that upon the affirmation of James M. Felix dated September 27, 2006 and the exhibits annexed thereto, along with the accompanying memorandum of law in support and upon all prior pleadings and proceedings heretofore had herein, the undersigned will move this Court at the IAS Motion Part, Room 130 thereof to be held in and for the County of New York, at the Courthouse located at 60 Centre Street, New York, New York on the 16th day of October, 2006 at 9:30 o'clock in the forenoon of that day, or as soon thereafter as counsel can be heard for an Order pursuant to CPLR 3211, Part 1215 to Title 22 of the Official Compilations of Codes, Rules and Regulations of the State of New York (22 NYCCR § 1215) and Part 137 of the Rules of the Chief Administrator of the Courts (22 NYCRR § 137) dismissing with prejudice all plaintiff's claims relating to any matter which plaintiff failed to provide defendant with a written retainer agreement and dismissing any remaining claim based upon plaintiff's failure to provide defendant with notification of mandatory arbitration and for such other and further relief as this Court may deem just and proper.

        **PLEASE TAKE FURTHER NOTICE**, that pursuant to CPLR 2214, answering papers, if any, are required to be served seven (7) days prior to the return


EXHIBIT 8

date of this motion.

Dated:   New York, New York
         September 27, 2006

                                          KILHENNY & FELIX

                                          By: *James M Felix*
                                          James M. Felix
                                          Attorneys for Defendant Barbara Kaplan
                                          275 Seventh Avenue, Suite 2300
                                          New York, NY 10001
                                          (212) 419-1492

To:   **DAVIDSON & GRANNUM, LLP**
      Attorneys for Plaintiff
      30 Ramland Road, Suite 201
      Orangeburg, NY 10962
      (845) 365-9100

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
DAVIDSON & GRANNUM, LLP,

                              Plaintiff,

-against-

BARBARA KAPLAN,

                              Defendant.
------------------------------------------------------------------X

Index No.: 601276/06

**AFFIRMATION IN SUPPORT**

        **JAMES M. FELIX**, an attorney duly admitted to this Court, affirms as follows under penalties of perjury:

        1.     I am an attorney duly admitted to practice in the State of New York and a partner at Kilhenny & Felix, attorneys for defendant Barbara Kaplan in this action. I submit this affirmation in support of defendant's motion to dismiss.

        2.     On April 12, 2006, plaintiff commenced this action by filing a summons ("Summons") and complaint dated April 11, 2006 (the "Complaint") with the New York County Clerk. A copy of said summons and complaint (the "Original Complaint") without exhibits is attached hereto as Exhibit "A". In or about that time, plaintiff also filed an order to show cause seeking to either seize monies from defendant's current attorneys, Kilhenny & Felix, or force defendant Kaplan to "deposit" sufficient funds to reach a balance of $50,661.71. On May 11, 2006, plaintiff withdrew that order to show cause.

        3.     On or about April 18, 2006, plaintiff filed an amended complaint dated April 17, 2006 (the "Amended Complaint"). A copy of the Amended Complaint (the "Amended Complaint") with Exhibits is attached hereto as Exhibit "B".

4. Plaintiff, by way of the Amended Complaint, has pled two causes of action, one for breach of contract and one for quantum meruit. In each cause of action, plaintiff seeks to recover the sum of $50,661.71. See Exhibit "B" hereto.

5. As more fully set forth in the accompanying memorandum of law, plaintiff's failure to provide defendant with written retainer agreements for three of the four matters in which plaintiff seeks to recover legal fees is fatal to not only the instant action, but the matters for which a retainer was not provided. Additionally, as the amount sought on the matter for which a retainer has been executed is at most, $18,087.58, well below the $50,000.00 threshold, dismissal for failure to provide defendant with notification of mandatory arbitration notification is warranted. Finally, the actual amounts that could be sought for all representations was below the $50,000 threshold and thus are dismissible for want of arbitration notification.

6. In order to determine the amount of legal fees purportedly due from defendant, putting aside the merits thereof, a review of the history of the representation is necessary. Plaintiff was retained by defendant in January, 2005 and at that time, defendant and plaintiff entered into a written agreement entitled "Engagement Letter and Retainer Agreement" dated January 11, 2005 (the "Retainer Agreement"). A copy of said Retainer Agreement is attached hereto as Exhibit "C".

7. Pursuant to the Retainer Agreement, plaintiff was retained by defendant to represent defendant in the one matter pending in the Supreme Court of the State of New York, County of New York entitled <u>212 Investment Corporation, et al. v. Myron Kaplan, Barbara Kaplan et al.</u>, Supreme Court, New York County, Index No.: 603029/04 (the "NY Court Action") and no other matter. In fact, the Retainer Agreement specifically

stated that

> 2. Additional Legal Services. At this time, you have not retained us to represent you in any other litigation or <u>arbitration proceeding</u>. We will, of course, be happy to perform any additional legal services for you if you wish, subject to an <u>additional signed agreement</u>.

<u>See</u> Exhibit "C" hereto, at p. 1 (emphasis added). No additional signed agreement was ever executed by defendant, a clear violation of Part 1215 to Title 22 of the Official Compilations of Codes, Rules and Regulations of the State of New York, entitled "Written Letter of Engagement" which requires written retainer agreements for each engagement of the type at issue herein.

8.  In or about May, 2005, plaintiff undertook to purportedly represent defendant in an arbitration before the American Arbitration Association entitled <u>212 Investment Corporation, et al. v. Myron Kaplan, Barbara Kaplan et al.</u>, AAA Case No. 13 180 Y 00862 05 (the "Arbitration Matter"). However, despite its own acknowledged requirement for an additional engagement letter to extend its right to represent defendant to include any arbitration, no new retainer agreement was offered by plaintiff, nor was any written engagement agreement provided by plaintiff to defendant for this arbitration proceeding.

9.  Notwithstanding the absence of a new retainer agreement, plaintiff continued to purportedly represent defendant in both the NY Court Action and the Arbitration Matter (hereinafter, collectively the "212 Matters") until February 27, 2006. Plaintiff also billed defendant for services purportedly rendered in connection with the 212 Matters under one billing invoice and did not separate the work on the NY Court Action from the Arbitration Matter.

10. Even combining the NY Court Action with the Arbitration Matter, the amount purportedly due to plaintiff at the time the action was commenced is $18,087.58, well under the $50,000.00 minimum. Even accepting the charges attributed to defendant on account of the 212 Matters as correct, through the time plaintiff was discharged, the amount billed to defendant in connection with the 212 Matters was $18,087.58. That amount is computed by taking plaintiff's invoice to defendant dated February 27, 2006, the date of discharge, less the $10,000 retainer paid by defendant by check dated January 11, 2005. Plaintiff has confirmed the receipt of the $10,000.00 retainer check, which it did not credit to defendant's account until April, 2006. See Exhibit "B" hereto, at ¶ 16 and Exhibit "D" attached hereto.

11. As to that initial retainer in the amount of $10,000.00, for some reason, plaintiff never credited defendant for that amount when the first bill was issued in February, 2005 (see invoice dated 2/4/05 attached hereto as Exhibit "E") or at any time prior to the commencement of the instant action. It was not until after plaintiff commenced the instant action, that plaintiff even conceded that the retainer had not been applied to the outstanding balance sought from defendant and at the time plaintiff finally applied the retainer, plaintiff chose to apply same to another matter in which plaintiff had represented defendant and not to the 212 Matters. See Complaint at ¶ 16 (plaintiff concedes that the $10,000 retainer was to be deducted from the amount allegedly owed by defendant). While it is respectfully submitted that plaintiff must apply the $10,000 retainer to the NY Court Action, even using plaintiff's math, the amount sought in connection with the 212 Matters could be no more than $28,087.58. As there is no retainer for either of the other matters, as more fully established in the

accompanying memorandum of law, the failure to meet the minimum of the $50,000 threshold in the 212 Matters warrants dismissal the instant action.

12. How then did the amount sought in the Amended Complaint exceed the sum of $18,087.58 attributed to the 212 Matters. In or about July, 2005, plaintiff commenced to purportedly represent defendant in a matter in a NASD arbitration pending in the state of Illinois (the "NASD Matter"). No written retainer letter was ever executed by and between plaintiff and defendant in connection with this representation. Moreover, it is unclear whether any of plaintiff's attorneys are even licensed to practice law in Illinois. According to plaintiff, the amount owed on account of the NASD Matter is $12,076.56 (not including the $10,000 retainer credit that plaintiff sought to apply to this matter, instead of the 212 Matters). Thus, the amount purportedly owed on account of the 212 Matters, plus the NASD Matter is $30,164.14.

13. In addition to the representations in the 212 Matters and NASD Matter, in or about October, 2005, plaintiff commenced a representation of defendant in a matter involving defendant's former employer pending before the Illinois Department of Labor (the "Employer Matter"). No written retainer letter was ever executed by and between plaintiff and defendant in connection with this representation.

14. Even accepting the charges attributed to defendant on account of the Employer Matter is correct, through the time plaintiff was discharged, the amount billed to defendant in connection with the Employer Matter was $15,720.01. That amount is computed by taking plaintiff's invoice to defendant dated February 27, 2006, the date of discharge. See Exhibit "F" hereto. Thus, the amount purportedly owed on account of the 212 Matters, NASD Matter and Employer Matter on the date of discharge is $45,884.15.

15.     Plaintiff also apparently kept on billing defendant for services performed after being discharged on February 27, 2006. Respectfully, none of the charges sought to be charged after discharge on February 27, 2006 should be allowed to be utilized in calculating the $50,000.00 and further none of said charges are recoverable against defendant.

16.     For example, by invoice dated March 1, 2006 (the "March 2006 212 Matters Invoice"), plaintiff sought to charge plaintiff, on account of the 212 Matters, the sum of $1,047.50 on account of fees and costs in the amount of $1217.49, for a total of $2264.99. In what is an entry without any date, plaintiff seeks to charge defendant for $973.00 in copying charges, on top of $197.29 in duplicating services charged on the very last day of representation, that being February 27, 2006. A copy of the March 2006 212 Matters Invoice is attached hereto as Exhibit "G". Plaintiff also seeks to charge defendant for responding to a subpoena served on plaintiff seeking documents relating to the 212 Matters. That charge and related post-termination charges on the March 2006 212 Matters Invoice total some $890.00, pushing the figure sought towards $50,000.00.

17.     Also, by invoice dated March 1, 2006 (the "March 2006 Employer Matter Invoice"), plaintiff sought to charge plaintiff, on account of the Employer Matter, the sum of $3.40 on account of costs. Copies of the March 2006 212 Matters Invoice and March 2006 Employer Matter Invoice are attached hereto as Exhibits "G" and "H", respectively and collectively referred to as the "March 2006 Invoices". Thus, even assuming arguendo, that the March 2006 Invoices were proper, the total sought as of March 1, 2006 was $48,152.54.

18. In fact, by letter dated March 1, 2006 ("Plaintiff's March 1 Letter"), plaintiff advised defendant that the amount owed at the time plaintiff ceased its representation of defendant was $58,152.54, which did not include the $10,000 credit for the retainer amount paid by defendant in or about January, 2005. A copy of Plaintiff's March 1 Letter, which plaintiff attached as Exhibit "B" to the Amended Complaint, is attached hereto as Exhibit "I". Thus, as plaintiff has already admitted that the retainer credit of $10,000 is due, the amount confirmed by plaintiff as being outstanding as of March 1, 2006 is $48,152.54 and that is giving plaintiff credit for charges incurred after discharge on February 27, 2006.

19. In addition to the invoices dated February 27, 2006 and March 1, 2006 discussed above, plaintiff has attached two other invoices to the Amended Complaint which seek fees and disbursements through the date of the Amended Complaint. While, respectfully, none of those charges are due from defendant to plaintiff, a review of said invoices also establishes that the $50,000.00 threshold has not been reached.

20. The two other invoices post date the March 1, 2006 invoice and include time charges or expenses which date prior to the date of the Amended Complaint, that being April 17, 2006. Both invoices are dated April 1, 2006 and one concerns the 212 Matters (the "April 2006 212 Matters Invoice") and the other concerns the Employer Matter (the "April 2006 Employer Matter"). Copies of said invoices are attached hereto as Exhibits "J" and "K", respectively.

21. The April 2006 Employer Invoice has charges for preparing a motion to withdraw in apparently the Employer Matter. These charges total $1035.00 in fees and research expenses of $27.55. All of the time charges are for dates March 6, 2006 and earlier. See Exhibit "K" attached hereto. However, no motion to withdraw is known to

have been made in the Employer Matter, nor should any have been drafted. However, the addition of the $1062.55 pushes the amount sought in the Amended Complaint from $48,152.54 (as of March 1, 2006) to $49,215.09.

22.  Lo and behold, the April 2006 212 Matters Invoice pushes the amount over the $50,000 threshold. In fact, according to that invoice, on March 13, 2006, attorneys from plaintiff's firm, Sandra Grannum and Daniel Clarkin meet to discuss "options for collecting outstanding fees in court action or arbitration". See Exhibit "J" hereto. At that point in time, the only option was arbitration, as giving plaintiff the benefit of all charges to that date, the amount billed or later billed for the period through March 12, 2006 was $49,215.09. Thus, at the time the issue of court versus arbitration was discuss, the amount of fees purportedly due from defendant, without even questioning any of the fees and expenses charged, was $49,215.09, which was $784.91 short of the goal line of $50,000.00.

23.  Instead of immediately providing defendant with notice of the right to arbitrate a fee dispute, plaintiff claims to do additional work which then pushes the amount over the $50,000 threshold, albeit, $661.71 over the threshold at the time of the filing of the Original Complaint.

24.  As more fully set forth in the accompanying memorandum of law, plaintiff's failure to provide defendant with written retainer agreements for three of the four matters in which plaintiff seeks to recover legal fees is fatal not only to the instant action, but to the claims for the matters for which a retainer was not provided. Additionally, as the amount sought on the matter for which a retainer has been executed is at most, $18,087.58, well below the $50,000.00 threshold, dismissal for failure to provide defendant with notification of mandatory arbitration notification warrants dismissal of the

instant action. Finally, the actual amounts that could be sought for all representations was below the $50,000 threshold and thus are dismissible for want of arbitration notification.

**WHEREFORE,** it is respectfully submitted that based upon the foregoing and the accompanying memorandum of law, defendant's motion to dismiss should be in all respects granted, along with such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 27, 2006

*/s/ James M. Felix*
James M. Felix

**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Davidson & Grannum, LLP,

        Plaintiff,

v.

Barbara Kaplan,

        Defendant.

Index No. 06601276

**SUMMONS**

Assigned Judge: Hon. Herman Cahn, J.S.C.
Related Case to 603029/2004

FILED APR 1 2 2006 NEW YORK COUNTY CLERK'S OFFICE

To the Above-Named Defendant:

*YOU ARE HEREBY SUMMONED* and required to serve upon plaintiffs' attorney an answer to the complaint in this action within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of the venue is that defendant has submitted to this Court jurisdiction in related Action Index No. 603029/04 (Justice Herman Cahn). In addition, defendant has transacted business in this state, appeared in person at plaintiff's offices and giving testimony in New York while represented by the plaintiff.

Dated: April 11, 2006

DAVIDSON & GRANNUM, LLP
Attorneys for Plaintiff
30 Ramland Road, Suite 201
Orangeburg, NY 10962
(845) 365-9100