# EXHIBIT 9

# SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT:

Index Number : 601276/2006

DAVISDON & GRANNUM, L.L.P.

vs

KAPLAN, BARBARA

Sequence Number : 003

DISMISS

PART 16

INDEX NO. _____

MOTION DATE _____

MOTION SEQ. NO. _____

MOTION CAL. NO. _____

The following papers, numbered 1 to _____ were read on this motion to/for _____

| | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | |
| Answering Affidavits — Exhibits | |
| Replying Affidavits | |

Cross-Motion:  ☐ Yes  ☒ No

Upon the foregoing papers, it is ordered that this motion

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S):

**MOTION IS DECIDED IN ACCORDANCE WITH THE ACCOMPANYING MEMORANDUM DECISION.**

EXHIBIT 9

Dated: MAR 23 2007

_____ J.S.C.

Check one:  ☐ FINAL DISPOSITION   ☒ NON-FINAL DISPOSITION

Check if appropriate:   ☐ DO NOT POST

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 10
-----------------------------------------------------------x
DAVIDSON & GRANNUM LLP,

                     Plaintiff,

-against-

BARBARA KAPLAN,

                     Defendant.
-----------------------------------------------------------x

**Decision/Order**
Index No.: 601276/06
Seq. No. : 003

Present:
<u>Hon. Judith J. Gische</u>
J.S.C.

Recitation, as required by CPLR 2219 [a], of the papers considered in the review of this (these) motion(s):

| Papers | Numbered |
|---|---|
| Def's motion [dismiss] w/JMF affirm in support, exhs | 1 |
| Pltf's affid in support and in opp (SDG) w/exhs | 2 |
| Pltf's affid in support and in opp (JED) w/exhs | 3 |
| Def's reply affirm in response and in further support (JMF) | 4 |
| Transcript of OA 11/16/06 | 5 |

*Upon the foregoing papers, the court's decision is as follows:*

This is an action by plaintiff Davidson & Grannum, LLP ("D&G") the former attorneys for defendant Barbara Kaplan ("Ms. Kaplan"). D&G seeks to recover legal fees it claims it expended and/or earned in connection with Ms. Kaplan's defense in an underlying lawsuit and in connection with other legal services. Before the court is Ms. Kaplan's motion to dismiss the complaint for failure to state a cause of action, or based upon the documentary evidence. CPLR §§ 3211 (a) (1), (7).

On a preanswer motion to dismiss, the complaint is to liberally construed. Moreover, the facts as alleged by plaintiff will be accepted as true, and afforded the

benefit of every possible favorable inference (EBC I, Inc v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]; Sokoloff v Harriman Estates Development Corp., 96 NY2d 409, 414 [2001]; P.T. Bank Central Asia v ABN AMRO Bank NV, 301 AD2d 373, 375-6 [1st Dept 2003]), unless clearly contradicted by evidence submitted by the moving party in connection with the motion (see Zanett Lombardier, Ltd v Maslow, 29 AD3d 495 [1st Dept 2006]). In that regard, where as here, the parties submit affidavits and other evidentiary materials in support of the motion, the court may consider such documents and affidavits to remedy any defects in the pleading. Leon v Martinez, 84 NY2d 83, 88 [1994]. Where a motion is based upon documentary evidence, such evidence must definitively dispose of plaintiff's claims. Bronxville Knolls Inc. v. Webster Town Center Partnership, 221 AD2d 248 (1st dept. 1995).

The complaint contains the following allegations by the plaintiff, as amplified by the sworn affidavits of Ms. Grannum and Mr. Davidson, both managing partners of D&G:

Ms. Kaplan contacted D&G and asked the firm to represent her in connection with a pending lawsuit against her before Hon. Herman Kahn (212 Investment Corporation et. al. v. Myron Kaplan, Kaplan, Nathan & Co., LLC., Barbara Kaplan and Alan Stark, Index No. 603029/04) ("the underlying action"). On January 7, 2005, David L. Becker, Esq., a partner at D&G, sent Ms. Kaplan an Engagement Letter and Retainer Agreement, a copy of the "Standard Written Instructions and Procedures to Clients for the Resolution of Fee Disputes Pursuant to Part 137 of the Rules of the Chief Administrator," and the "Statement of Client's Rights and Responsibilities." The letter contained instructions for Ms. Kaplan to sign and return the engagement letter and

retainer agreement (one document) with a check for $10,000, which Ms. Kaplan did. The document, dated January 11, 2005, provides in relevant part as follows:

"1. **Legal Services to be provided.** You agree that the Firm will represent Client [Ms. Kaplan] in connection with the lawsuit filed by 212 Investment Corporation and investors in 212 Investment Corporation against the Client and others. As provided herein, the Firm will be Client's exclusive representative in this matter unless and until Client notifies the Firm otherwise in writing.

2. **Additional Legal Services.** At this time, you have not retained us to represent you in any other litigation or arbitration proceeding. We will, of course, be happy to perform any additional legal services for you if you wish, subject to an additional signed agreement.

\* \* \*

9. **Disputes.** If you choose to discharge the Firm, you will remain liable for fees and costs and expenses through the period of our representation. The attorney-client relationship is one of mutual trust and confidence. We therefore encourage our clients to raise questions about any billing matters. If we unable to resolve a fee dispute, and the amount in dispute is between $1,000 and $50,000, you have the right, but not the obligation, to seek mandatory arbitration. By signing this letter, you agree that you have read and understand the **STANDARD WRITTEN INSTRUCTIONS AND PROCEDURES TO CLIENTS FOR THE RESOLUTION OF FEE DISPUTES PURSUANT TO PART 137 OF THE RULES OF THE CHIEF ADMINISTRATOR** attached to this agreement."

When D&G assumed representation of Ms. Kaplan, there was already a motion to dismiss pending in the underlying action. That motion, brought by her prior counsel, asserted three grounds for dismissal. They were: 1) jurisdictional, 2) that the claims were time barred, and 3) that the parties had agreed to binding arbitration. After D&G served a reply on Ms. Kaplan's behalf, Judge Kahn granted her motion, directing that

the parties proceed to arbitration. Ms. Kaplan requested that D&G continue their representation, including representing her at the arbitration hearing (<u>212 Investment Corporation, et. al. v. Myron Kaplan, Barbara Kaplan, et. al.</u>, AAA Case No. 13 180 Y 00862 05) (the "212 arbitration"), which the firm did.

Thereafter, Ms. Kaplan also requested that D&G represent her in connection with an NASD arbitration against her and her company, filed by Greg Grimes, one of Ms. Kaplan's clients (<u>Grimes v. Kaplan,</u> NASD Case No. 04-04804) (the "Grimes arbitration"). D&G did so successfully, and had Mr. Grimes' claims against Ms. Kaplan dismissed after a full hearing.

Ms. Kaplan later filed (<u>pro se</u>) an EEOC claim against her former employer, Wunderlich, in Illinois (Charge No. 210-2005-09745), alleging discrimination based upon her age, gender, religious beliefs and disabilities. The EEOC dismissed the case in October 21, 2005, but without prejudice to her bringing a lawsuit in federal court. In January 2006, Ms. Kaplan asked D&G to bring a lawsuit on her behalf against Wunderlich. D&G notified Ms. Kaplan that it would have to retain local counsel in Illinois on her behalf and that it would also file for admission <u>pro hac vice</u>. Ms. Grannum, a partner in D&G, sent a letter to this effect to Ms. Kaplan, asking her to sign it and return it to the firm, if she agreed. Ms. Kaplan agreed and returned the signed letter. Local counsel started the action in January 2006 (<u>Barbara R. Kaplan v. Wunderlich Securities, Inc.</u>, U.S.D.C. Case No. 06-C-0200 [RG]) ("the discrimination action"). The next month D&G and Illinois co-counsel brought a motion to be relieved because Ms. Kaplan was not cooperating with them regarding court dates, etc. The Illinois court granted the motion on March 27, 2006.

D&G also contends that Ms. Kaplan regularly copied them with correspondence that she sent out on her own, including faxes to another law firm that had previously represented her and who were demanding payment from her for its outstanding legal fees in the underlying action before Justice Kahn.

In support of her motion to dismiss, Ms. Kaplan argues that because D&G did not comply with the requirements of Part 1215 ("Written Letter of Engagement") applicable to all attorneys, the firm cannot recover its legal fees, as a matter of law. 22 NYCRR § 1215. Part 1215 provides, in relevant part, that an attorney who undertakes to represent a client "shall provide to the client a written letter of engagement before commencing the representation, or within a reasonable time thereafter (i) if otherwise impracticable or (ii) if the scope of services to be provided cannot be determined at the time of the commencement of representation."

It is Ms. Kaplan's contention, that because she only signed a retainer for D&G to represent her in the underlying action before Justice Kahn, and D&G never provided her with any other engagement letter or retainer agreements with the other actions it handled for her (e.g. the 212 arbitration, the Grimes arbitration, or the discrimination action), they cannot recover their legal fees for that representation.

Ms. Kaplan also contends even assuming she has outstanding legal fees, they are less than $50,000 and subject to arbitration under Fee Dispute Resolution Program rules of Part 137. She contends that the firm never notified of her right to arbitrate this dispute, but simply brought this action, and that this bars their right to recover those fees.

Ms. Kaplan argues that although there are certain exceptions to the broad

requirements of Part 1215, those exceptions, set forth in Part 1215.2 are inapplicable to the facts of this case because the all the other matters D&G handled for her are unrelated to the underlying action. The exception to Part 1215 are as follows:

> **§1215.2 Exceptions**
> This section shall not apply to [. . .] (2) representation where the attorney's services are of the same general kind as previously rendered to and paid for by the client [. . .] or (4) . . . no material portion of the services are to be rendered in New York."

In further support of her motion, Ms. Kaplan argues that the Part 1215 rules and the rules applicable to legal fees in matrimonial matters (e.g. 22 NYCRR § 1400) ("Part 1400 rules") are symmetrical and that this court should draw upon the body of cases developed in connection with the Part 1400 rules. Thus, it is her contention that, as a matter of law, D&G is barred from bringing this action to recover its legal fees in the absence of a signed retainer agreement for anything other than the underlying action before Justice Kahn.

In opposition to the motion to dismiss D&G presents a number of legal arguments, in addition to relying on its factual allegations. First, D&G argues that it fully complied with the requirements of Parts 1215 and 137 by providing Ms. Kaplan with a detailed retainer and notifying her that she had a right arbitrate any fee dispute if than $50,000, but greater than $3,000.

D&G contends that the 212 arbitration hearing was the direct and natural progression of the underlying action before Justice Kahn because it is the relief Ms. Kaplan sought in her motion to dismiss, if the case was not outright dismissed.

D&G contends further that its representation of Ms. Kaplan in the Grimes

arbitration was "of the same general kind as previously rendered to and paid for by [Ms. Kaplan]" and therefore excepted from the requirements of Part 1215. D&G contends that Ms. Kaplan did, in fact, sign a separate retainer in connection with the Illinois discrimination action, and that services were provided as of counsel, out of state.

D&G argues that the court rules have not abrogated the principles of account stated and that it sent defendant bills that she kept without objection, thereby assenting to the sums being asserted as due.

**Discussion**

Accepting (as the court must) all of plaintiff's allegations as true, they support the causes of action pled against Ms. Kaplan and the complaint withstands her preanswer motion to dismiss.

First of all, defendant has made no allegation that D&G deliberately refused to provide her with a retainer agreement or written letter of engagement, despite her request. Compare: Klein Calderoni & Santucci, LLP v. Bazerjian, 6 Misc3d 1032 (A) (Sup Ct Bx Co. 2005). Thus the issue is more narrowly whether the work performed by D&G was of the same general kind as previously rendered to and paid for by Ms. Kaplan and therefore excepted from the requirements of Part 1215 by application of § 1215.2. Plaintiff has set forth facts that support its claim, that all the work it performed was of the "same general kind" it had previously rendered to, and was accepted by, Ms. Kaplan.

The 212 arbitration was the natural progression of the underlying lawsuit before Justice Kahn and Ms. Kaplan achieved the result she had asked for - arbitration, if the case was not outright dismissed. Plaintiff has also set forth facts to support its claim

that the services it rendered in connection with the <u>Grimes</u> arbitration - another lawsuit against Ms. Kaplan and her company - was of the same general kind of work they had done for her on previous occasions.

Plaintiff has also set forth facts that support their claim that the service in connection with the Illinois case were not only performed out of state, Ms. Kaplan signed a separate agreement for that representation.

Therefore, to the extent that defendant contends the retainer and engagement letter she signed definitively disposes of plaintiff's claims, her motion is denied. CPLR § 3211 (a) (1); <u>Bronxville Knolls Inc. v. Webster Town Center Partnership</u>, *supra*.

Even assuming that the work D&G performed was not of the "same general kind" as had previously been rendered to and paid for by Ms. Kaplan, the issue of whether the Part 1215 rules are completely symmetrical to the Part 1400 rules, and therefore a complete bar to D&G's recovery of any legal fees from defendant, is far beyond the scope of this preanswer motion to dismiss. Accepting plaintiff's facts, there was no need for the firm to have Ms. Kaplan sign a new or additional retainer or retainers for this other work. Moreover, Part 1215 does not by its express terms bar the legal fees where there is a defective or absent retainer or written letter of engagement. At least one trial level court has held that where there has been substantial compliance with the Part 1215 rules, the law firm may still recover its legal fees. <u>Morgan Lewis & Bockius, LLP v. IbuyDigital.Com</u> 14 Misc3d 1224 (A) (Sup Ct N.Y. Co. 2007).

Further arguments by defendant, about whether the Part 1215 abrogates the well established principals of account stated - as the First Department has held in Domestic Relations matters - [see: <u>Paikin v. Tsirelman</u>, 266 A.D.2d 136 (1st Dept.1999)], is also

beyond the scope of this motion which is only aimed at the sufficiency of the complaint. While there are a number of lower or trial court decisions addressing this point of law [Grossman v. West 26th Corp., 9 Misc.3d 414 (N.Y.City Civ.Ct.,2005); Lewin v. Law Offices of Godfrey G. Brown, 8 Misc.3d 622 (N.Y.City Civ.Ct.,2005); Beech v. Gerald B. Lefcourt, P.C., 12 Misc.3d 1167(A) (N.Y.City Civ.Ct.,2006); In re Estate of Feroleto, 6 Misc.3d 680 (N.Y.Sur. 2004)], there are mixed results, and there has yet to be any ruling by an appellate court for this court to be guided by. Therefore, defendant's motion, for the dismissal of the claim for failure to state a cause of action, must be denied. The legal arguments she presents will have to raised in dispositive motions, or at trial, when the parties are called upon to lay bare their proof.

Further disputes about whether the fees are above or below the threshold set forth in the Part 137 rules only frame factual disputes, but do not warrant the dismissal of the complaint at this stage of the case. D&G states that the fees owed to them are in excess of $50,000 and therefore not arbitrable. This is sufficient to defeat defendant's motion to dismiss.

For each of these reasons, defendant's motion to dismiss the complaint is denied and she shall serve her answer within ten (10) days of being served with an entered copy of this decision/order. **There will be a preliminary conference in this case on April 26, 2007 at 9:30 a.m. in Part 10, 80 Centre Street, Room 122.**

Conclusion

Defendant's motion to dismiss (CPLR 3211) is denied in its entirety and she is directed to serve her answer within ten (10) days of being served with an entered copy

of this decision/order. The preliminary conference has been scheduled.

Any relief not expressly addressed has nonetheless been considered and is hereby denied.

This shall constitute the decision and order of the Court.

Dated:  New York, New York
        March 23, 2007

So Ordered:

_____
Hon. Judith J. Gische