UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BARBARA KAPLAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 07 C 6668 |
| v. | ) |
| | ) Judge George M. Marovich |
| | ) |
| DAVIDSON & GRANNUM, LLP., | ) |
| SANDRA D. GRANNUM, and | ) |
| DAVID L. BECKER, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

Plaintiff Barbara Kaplan ("Kaplan") filed in the Circuit Court of Cook County a six-count complaint against defendants Davidson & Grannum, LLP., Sandra Grannum ("Grannum") and David L. Becker ("Becker"). Defendants removed the case to this Court on the basis of diversity jurisdiction. Defendants have now moved to dismiss the case. For the reasons set forth below, the Court denies the motion.

I.   **Background**

The Court takes as true the allegations in plaintiff's complaint and the allegations in the complaint filed by defendant Davidson & Grannum, LLP against Kaplan in the Supreme Court of New York.

Davidson & Grannum is a law firm that practices, among other things, employment law and securities law. The firm has offices in New York and New Jersey. Grannum is a partner in that firm, and Becker has worked as a lawyer for Davidson & Grannum. Kaplan has worked in the securities business (primarily as a stock broker) in Chicago for about thirty-five years.

On or about April 18, 2006, Davidson & Grannum filed suit against Kaplan in the Supreme Court of New York (the "New York case"). In the New York case, Davidson & Grannum asserted claims against Kaplan for breach of contract and quantum meruit. According to the allegations in their complaint, Davidson & Grannum's claims against Kaplan arose out of Davidson & Grannum's representation of Kaplan in a securities matter. Specifically, Kaplan hired Davidson & Grannum to represent her in connection with a case called *212 Investment Corp. v. Myron Kaplan, Kaplan, Nathan & Co. LLC, Barbara Kaplan and Alan Stark* (the "*212 Investment* case"). It seems that case started in state court in New York and was ultimately adjudicated in an arbitration proceeding. The arbitration award was then confirmed by the Supreme Court of New York. A February 2006 dispute over fees prompted Kaplan to discharge Davidson & Grannum from representing her and prompted Davidson & Grannum to file suit against Kaplan for those fees. As far as this Court knows, the New York case is still proceeding.

Meanwhile, here in Chicago, Kaplan filed her own suit in the Circuit Court of Cook County in November 2007. Defendants removed the case to this Court on the basis of diversity jurisdiction.

Portions of Kaplan's complaint are related to the New York case. Plaintiff alleges claims arising out of Davidson & Grannum's representation of Kaplan in connection with the *212 Investment* case. For example, in Count I of her complaint, Plaintiff alleges a breach of contract claim against Becker, Grannum and Davidson & Grannum on the grounds that they overbilled her and performed unnecessary work in connection with the *212 Investment* case. In Count II, Kaplan alleges that Becker committed legal malpractice by not disclosing to her a conflict of interest when he agreed to represent her in connection with the *212 Investment* case. In Count

III, Kaplan alleges that Grannum breached her fiduciary duty by revealing confidential information in connection with the *212 Investment* case. Finally, in Count VI, Kaplan alleges that defendants violated the New York State Judiciary law in connection with the *212 Investment* case.

Other portions of Kaplan's complaint are not related to the *212 Investment* case. In Count IV, Kaplan alleges that Grannum represented Kaplan in connection with her loss of employment with a company called Wunderlich. Kaplan alleges that Grannum committed legal malpractice by filing a frivolous employment claim on Kaplan's behalf here in the United States District Court for the Northern District of Illinois. Finally, in Count V, Kaplan alleges that Grannum committed legal malpractice by failing to amend a NASD form to reflect that a customer complaint against Kaplan had been dismissed.

## II.    Discussion

Defendants ask the Court to dismiss this case on several grounds, including *forum non conveniens*, *Colorado River* abstention and an Illinois procedural statute. Defendants do not seek the alternative relief of transferring the case to another venue.

First, defendants argue that this case should be *dismissed* (they make no request that it be transferred) for *forum non conveniens*. *Forum non conveniens* was originally a judge-made rule that allowed a court to dismiss a case under certain circumstances even if the case were otherwise properly before the court. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947). The doctrine was codified at 28 U.S.C. § 1404, which allows a court, under certain circumstances, to *transfer* a case to another district where venue would be proper. The old common-law doctrine for *dismissing* (as opposed to transferring) a case, however, remains available only to dismiss a

case whose alternative forum is abroad. *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 127 S.Ct. 1184, 1190 (2007); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 1724 (1996) ("to the extent we have continued to recognize that federal courts have the power to dismiss damages actions under the common-law *forumnonconveniens* doctrine, we have done so only in 'cases where the alternative forum is abroad.'"); *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 717 (7th Cir. 2002) ("While, with respect to cases wholly within the system of U.S. federal courts, the doctrine has been largely replaced by the transfer of venue statute, 28 U.S.C. § 1404(a), it remains available as a ground for dismissal when a foreign court provides a more convenient forum."). In this case, defendants argue that a New York court is a more convenient forum. Because the alternative forum is not located abroad, the Court denies defendants' request to dismiss the case on common-law *forum non conveniens* grounds.

Next, defendants argue that plaintiff's case should be dismissed pursuant to a State of Illinois procedural rule. Specifically, the Illinois statute for dismissing claims allows for dismissal on the grounds that "there is another action pending between the same parties for the same cause." *See* 735 ILCS 5/2-619(a)(3). Defendants argue that this is a substantive provision that this Court (because it is considering the case pursuant to diversity jurisdiction) must apply. Although defendants cite some district court cases supporting their position, their position has long-since been rejected by the Seventh Circuit. *AXA Corporate Solutions v. Underwriters Reinsur. Corp.*, 347 F.3d 272, 278 (7th Cir. 2003) (holding that 735 ILCS 5/2-219(a)(3) does not apply in federal court).

Defendants also argue that the Court should dismiss the case based on what it calls a "first to file" rule for which it cites *Martin v. Graybar*, 226 F.2d 202, 205 (7th Cir. 1959). In

*Graybar*, two nearly-identical lawsuits involving the same written agreement were filed within four days of each other in two separate United States District Courts. The first case was filed here in the Northern District of Illinois, and the second was filed in the Northern District of Iowa. The plaintiff in the Northern District of Illinois case moved for an order enjoining the other party from litigating in the Northern District of Iowa, and the district judge denied the motion. The Seventh Circuit Court of Appeals reversed, stating:

> Two simultaneously pending lawsuits involving identical issues and between the same parties, the parties being transposed and each prosecuting the other independently, is certainly anything but conducive to the orderly administration of justice. We believe it to be important that there be a single determination of a controversy between the same litigants and, therefore, a party who first brings an issue into a court of competent jurisdiction should be free from the vexation of concurrent litigation over the same subject matter, and an injunction should issue enjoining the prosecution of the second suit to prevent the economic waste involved in duplicating litigation which would have an adverse effect on the prompt and efficient administration of justice unless unusual circumstances warrant.

*Graybar*, 266 F.2d at 204. Assuming (without deciding) that *Graybar* remains good law, the Court notes that it is inapplicable here. First, these two suits are not identical. In *Graybar*, each suit sought an interpretation of the same written agreement. Here, the New York case is a breach of contract case, and the case before this Court is for malpractice. Although some of the claims arise from the same transaction or occurrence (which may, ultimately, subject Kaplan to the consequences of preclusion), the claims are not identical. Second, even if the suits were identical, the Court does not read *Graybar* to extend any farther than allowing the first court to enjoin the parties from litigating a second suit. It does not say the second court must dismiss the suit that is otherwise properly before it (as this one is).

Still, the Court may, under certain circumstances, abstain from hearing a case over which it has jurisdiction. In *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), the Supreme Court explained that:

> there are principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts. These principles rest on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.' Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.

*Colorado River*, 424 U.S. at 817 (internal citations omitted). The reason the state suit is no bar to the federal suit is due to "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." The Supreme Court noted that it would be appropriate for the federal court to abstain if the state suit involved property. It also explained that "a federal court may also consider such factors as the inconvenience of the federal forum; the desirability of avoiding piecemeal litigation; and the order in which jurisdiction was obtained by the concurrent forums." *Colorado River*, 424 U.S. at 818. "Only the clearest of justifications will warrant dismissal." *Id.* at 819. The Seventh Circuit, in affirming a district court's decision not to dismiss a case, has reaffirmed the Supreme Court's admonition "not to stay or dismiss actions without strong justification to do so." *AXA Corp. Solutions v. Underwriters Reinsurance Corp.*, 347 F.3d 272, 279 (7th Cir. 2003). The Seventh Circuit also noted that if the state court finished its proceedings first, the prevailing party could ask the court to consider the preclusive effect of the first judgment. *Id.* at 280.

The Court concludes that if it dismissed this case pursuant to *Colorado River* abstention, then abstention would have to become the rule and not the exception. It will always be desirable to avoid piecemeal litigation. The federal case was filed second, but that will be true perhaps 50% of the time when a federal and a state court are exercising contemporaneous concurrent jurisdiction. Although litigating in New York will be more convenient for defendants, litigating in Chicago will be more convenient for the plaintiff. This case does not involve rights to a particular piece of property. In short, the Court does not see in this case the "clearest of justifications" to overcome its "virtually unflagging" obligation to exercise its jurisdiction. Accordingly, the Court will not abstain from exercising its jurisdiction over this case, though it assumes the parties will seek to take advantage of preclusion principles should the New York case conclude before this one.

Because defendants have not put forth a proper basis on which to dismiss this case, the Court denies their motion to dismiss.

Just because the Court does not think it proper to dismiss this suit over which it has jurisdiction does not mean the Court would recommend litigating related claims in two forums. This is an expensive place to litigate, and the loser is subjecting herself or itself to the winning party's costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.

The Court would consider a motion to transfer venue pursuant to 28 U.S.C. § 1404(a) should any party wish to file one.

**III.     Conclusion**

For the reasons set forth above, the Court denies defendants' motion to dismiss.

ENTER:

*/s/ George M. Marovich*

George M. Marovich
United States District Judge

DATED: July 1, 2008