IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BARBARA R. KAPLAN,

                Plaintiff,

v.

DAVIDSON & GRANNUM, LLP,
SANDRA D. GRANNUM & DAVID L.
BECKER,

                Defendant.

Case No. 07C 6668

JUDGE MAROVICH

MAGISTRATE JUDGE SCHENKIER

## AFFIDAVIT OF SANDRA GRANNUM

I, Sandra Grannum, having been first duly sworn, depose and state as follows:

1. I am over the age of 18 and am competent to testify to the matters stated below.

2. I am an attorney licensed to practice law in the State of New York.

3. I have personal knowledge of the facts and matters stated herein, and as such, I am qualified to testify as to these matters. If called upon as a witness, I could and would competently testify to each of the facts set forth herein.

4. I am a managing partner of the law firm Davidson & Grannum, LLP ("D&G"), and have been continuously employed by D&G since September 2003.

5. Pursuant to my employment with D&G, I handled certain matters for Barbara Kaplan on behalf of D&G including her defense in *212 Investment et al. v. Myron Kaplan, et al*, Index No. 603029/04 ("212 Investment case") and *Gregory Grimes v. Barbara Kaplan, et al.*, NASD No. 04-04804 ("Grimes case").


EXHIBIT 4

6. The law-firm of Quinn Emanuel Urquhart Oliver & Hedges LLP, which represented the Plaintiffs in the 212 Investment case is located in New York.

7. The law offices of Stephen H. Weiner which represent the Plaintiff in the Grimes case is located in New York.

8. The law offices of Kilhenny & Felix which replaced D&G representing Ms. Kaplan at the arbitration hearing in the 212 Investment case is located in New York.

9. The legal work which I performed on behalf of Ms. Kaplan in the 212 Investment case and the Grimes case was performed in the State of New York.

10. The legal work that other attorneys at D&G performed under my direction on behalf of Ms. Kaplan in the 212 Investment case and Grimes case was performed in the State of New York.

11. I interviewed witnesses on behalf of Ms. Kaplan in the State of New York while conducting Ms. Kaplan's defense in the 212 Investment case and Grimes case. Each of the witnesses I interviewed in these matters were located in the New York area.

12. The arbitration proceedings in the 212 Investment case and the Grimes case occurred in the State of New York.

13. All proceedings in the 212 Investment case and Grimes case in which witnesses provided testimony, occurred in the State of New York.

14. I drafted pleadings and other documents on behalf of Ms. Kaplan in the 212 Investment case and Grimes case in the State of New York, which were submitted to courts and arbitrators in the State of New York.

15. I was deposed in the 212 Investment case pursuant to the New York Judges Order in the State of New York.

16. Ms. Kaplan also retained D&G to represent her in an employment dispute with her former employer, Wunderlich Securities ("Wunderlich matter").

17. In the Wunderlich matter, Ms. Kaplan, without the assistance of D&G filed an EEOC charge against her employer alleging she was subjected to harassment based upon her sex, religion, disability and age. The EEOC dismissed Ms. Kaplan's charge without prejudice, allowing her to file an action against Wunderlich in the District Court of Illinois.

18. Neither I nor any other attorneys employed by D&G working on Ms. Kaplan's matters were licensed in Illinois, and, as such, Ms. Kaplan retained local counsel in Illinois to prosecute Ms. Kaplan's employment claim.

19. The Wunderlich complaint was not filed and served until January 2006.

20. Ms. Kaplan asked D&G to cease its representation of her on all matters on February 27, 2006.

21. At the time Ms. Kaplan asked D&G to cease its representation of her, the 212 Investment case and the Wunderlich matter were still ongoing.

22. Ms. Kaplan retained relief counsel, Kilhenny & Felix, to represent her in the 212 Investment case. D&G was but one of the lawfirms who represented Ms. Kaplan in that matter.

23. Because Ms. Kaplan asked D&G to cease its representation of her, D&G moved for, and was granted, permission to withdraw as Ms. Kaplan's counsel in the Wunderlich matter.

24. All files relating to the work performed by D&G on behalf of Ms. Kaplan were maintained in New York.

25. I participated in preparation sessions with Ms. Kaplan regarding her defense in the 212 Investment case and the Grimes case. These preparation sessions occurred in New York.

26.  During the entirety of my representation of Ms. Kaplan, I have been a citizen of the State of New York.

27.  All attorneys at D&G who worked on any matter for Ms. Kaplan presently live in the New York Metropolitan area, including New Jersey.

Further Affiant sayeth not.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on this 19th day of December, 2007 at 30 Ramland Road, Orangeburg, New York.

Sandra D. Grannum