EXHIBIT B-1 AND B-2 FILED UNDER SEAL

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| Davidson & Grannum, LLP, <br><br> Plaintiff, <br><br> v. <br><br> Barbara Kaplan, <br><br> Defendant. | Index No. 601276-06 <br><br> **AMENDED COMPLAINT** <br><br> Assigned Judge: Hon. Herman Cahn, J.S.C. <br> Related Case to 603029/2004 |

Davidson & Grannum, LLP alleges for its compliant against Barbara Kaplan, as follows:

### NATURE OF ACTION

1. This is a complaint for attorneys' fees payable to the law firm of Davidson & Grannum and incurred by Ms. Kaplan as the result of Davidson & Grannum's legal representation of Ms. Barbara Kaplan.

### PARTIES

2. Plaintiff, Davidson & Grannum (the "Firm") is a New Jersey Limited Liability Professional Partnership with its principal place of business in Rockland, New York. It is engaged in the practice of law within the States of New York and New Jersey. The Firm's managing partners are Joel E. Davidson and Sandra D. Grannum, both of whom have rendered services to Ms. Kaplan. Mr. Davidson is a graduate of Fordham Law School and had been a member of the New York bar for thirty years. Ms. Grannum is a graduate of Harvard Law School and has been a member of the New York bar for nineteen years.

NEW YORK
COUNTY CLERK'S OFFICE
APR 18 2006
NOT COMPARED
WITH COPY FILED


EXHIBIT 8

3. Defendant, Barbara R. Kaplan, is a resident of Chicago, Illinois. She is defendant in action entitled <u>212 Investment Corporation et. al. v. Myron Kaplan, Kaplan, Nathan & Co. LLC, Barbara Kaplan and Alan Stark</u>, Index No. 603029/04 presently pending before Justice Herman Cahn, JSC (the "Underlying Litigation"). Ms. Kaplan has submitted to this Court jurisdiction. This Action is filed as a related action to Underlying Litigation, Index No. 603029/04 (Justice Herman Cahn). Moreover, she had transacted business in this state, appeared in person at the Firms offices and given testimony in New York while represented by the Firm.

## FACTUAL BACKGROUND

4. On January 11, 2005, Ms. Kaplan retained the Firm of Davidson & Grannum to defend her in the Underlying Litigation before this Justice Cahn and executed a Retainer Agreement to that effect (the "Retainer Agreement"). The Retainer Agreement is annexed hereto as Exhibit A.

5. Ms. Kaplan also requested that the Firm represent her in the associated Arbitration before the American Arbitration Association and other matters in which she was involved before the National Association of Securities Dealers, and United States District Court for the Northern District of Illinois, Eastern Division.

6. In the Retainer Agreement executed by Ms. Kaplan provided among other things that:

> **Client agrees that it will pay all amounts billed within ten days of presentation of the statement of legal services.** [Paragraph 3].
>
> **Following termination, we will promptly bill you for all outstanding services and cost incurred through the termination dates.** [Paragraph 6].
>
> **... the Firm may withdraw from representing you, subject to applicable ethical provisions, and/or may, <u>at your expense</u>, seek court permission to do so.** (Emphasis added)[Paragraph 6].
>
> **If you fail to pay any invoice upon receipt and fail to promptly contest the invoice, the Firm may apply amounts held on retainer to current unpaid bills.** [Paragraph 8].

> **If you choose to discharge the Firm, you will remain liable for the fees and costs and expenses through the period of our representation. [Paragraph 9].**
>
> **If a fee dispute arises involving an amount in excess of $50,000, if we are ultimately required to initiate a lawsuit to collect any unpaid fees and costs, and we are successful in recovering fees from you, <u>you will be obligated to pay the Firm's reasonable attorneys' fees, disbursement and expenses for any such lawsuit</u>.** (Emphasis added). [Paragraph 9].

(Exhibit A, pages 1-2).

7. As part of this Retainer Agreement, Ms. Kaplan was provided with the Standard Written Instructions and Procedures to Client's for the Resolution of Fee Disputes Pursuant to Part 137 of the Rules of the Chief Administrator. (Exhibit A, page 3).

8. On February 27, 2006, Ms. Kaplan discharged the Firm from its engagement in representing her in all matters.

9. In response to this Request, the Firm forwarded to Ms. Kaplan's attention several documents for her execution indicating her decision to terminate the Firm from the matters in which they represented her. Notwithstanding Ms. Kaplan's request that the Firm withdraw as her counsel, Ms. Kaplan refused to execute the documents necessary to accomplish that withdrawal by stipulation, thereby causing the Firm to move to be withdrawn. The Firm incurred cost and expenses as the result of Ms. Kaplan's refusal to stipulate to the Firm's withdrawal from her representation.

10. At the time Ms. Kaplan asked the Firm to cease representation of her in all matters, she owed the Firm $58,152.54. On March 1, 2006, the Firm advised Ms. Kaplan of this debt. That letter is annexed here to as Exhibit B. Also attached under seal as Exhibit B-1 are the invoices for services rendered. Prior to dismissing the Firm, Ms. Kaplan was timely advised of her outstanding fees and informed that the Firm would not undertake any additional work until the invoices were

satisfied. In an effort to convince the Firm to continue its representation of her, Ms. Kaplan agreed the invoices would be satisfied in full but asked if she could be permitted to pay the Bills by forwarding $5,000 a week. The Firm agreed.

11. On February 24, 2005, the Firm received a check from Ms. Kaplan for $5,000. That check was deposited in the Firm's account as part of the installment payments to satisfy Ms. Kaplan's bills. On or about February 28, 2006, Ms. Kaplan stopped payment on that check causing it to be returned as Insufficient Funds and resulting in a bank fee to the Firm.

12. Ms. Kaplan requested that the Firm withdraw as her counsel and acknowledged her debt to the Firm and represented to Mr. Davidson that her fees would be paid. However, she thereafter refused to facilitate the withdrawal of the Firm from the matters in which she requested representation and has refused to so pay the Firm the outstanding fees. She has, in fact, stopped payment on a check she previously provided to the Firm. As a result of Ms. Kaplan's actions, the Firm has been forced to commence this action to recover the fees due and owing. Consequently, the Firm has been forced to expend additional sums in filing fees and attorney's fees. In total Ms. Kaplan presently owes the Firm $60,661.71. The present invoices are annexed here under seal as Exhibit B-2. These cost and fees continue to mount until this matter is resolved.

13. In accordance with the terms of Ms. Kaplan's Retainer Agreement, she owes the Firm $60,661.71 in fees for the services rendered on her behalf and for fees incurred in pursuing the outstanding debt.

14. The Firm successfully represented Ms. Kaplan in the NASD arbitration, <u>Grimes v. Kaplan</u>, NASD Case No. 04-04804, which was dismissed with prejudice after a full arbitration on the merits.

15. The fees billed to Ms. Kaplan were fair and reasonable and represented actual services rendered on her behalf. Ms. Kaplan has given no reason for not paying her bills.

16. In accordance with paragraph 8 of the Retainer Agreement, $10,000 deposited by Ms. Kaplan as a retainer payment has been applied to her outstanding debt. Consequently, Ms. Kaplan presently owes the Firm $50,661.71. **As Ms. Kaplan's debt exceeds $50,000, this Action does not qualify for arbitration in accordance with Part 137 of the Rules of the Chief Administrator.**

## FIRST COUNT
## BREACH OF CONTRACT

17. Plaintiff repeats the allegations stated above in paragraphs 1-16 as if set forth at length herein.

18. Ms. Kaplan breached the terms of the Retainer Agreement she entered into with Davidson & Grannum.

19. Her breach of the Retainer Agreement has caused Davidson & Grannum damages in the amount of $50,661.71.

## SECOND COUNT
## QUANTUM MERUIT

20. Plaintiff repeats the allegations stated above in paragraphs 1-16 as if set forth at length herein.

21. Ms. Kaplan received and benefited from legal services with a value of at least $58,124.52

22. Ms. Kaplan has failed to pay for such services and thereby damaged Davidson & Grannum in the amount of $50,661.71.

WHEREFORE, Third-Plaintiff requests that judgment be entered in its favor in the amount of $50,661.71, plus interest at the statutory rate of 9%, as well as attorneys fees and cost for this proceeding.

Dated: April 17, 2006

> DAVIDSON & GRANNUM, LLP
>
> By: _____
> Joel E. Davidson
> Sandra D. Grannum
> DAVIDSON & GRANNUM, LLP
> 30 Ramland Road, Suite 201
> Orangeburg, New York  10962
> (845) 365-9100
> (845) 365-9190